IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

C.A. NO. 5:16-cv-1635-JMC

| | |
|---|---|
| Corey Jawan Robinson #294233, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT CONFIDENTIALITY AND** |
| ) | **PROTECTIVE ORDER** |
| Officer/Sergeant Mr. Gilliard, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The parties to this Consent Confidentiality and Protective Order ("parties") have stipulated that the South Carolina Department of Corrections ("SCDC") restricted policies that are the subject of the Plaintiff's Rule 45 subpoena should be treated as confidential, and have agreed to the terms of this order; accordingly, it is on this 16th day of May, 2018, ORDERED:

1. **Scope.** All documents (whether in paper or electronic form) produced in by SCDC in response to the Plaintiff's Rule 45 subpoena to SCDC (hereinafter collectively "the subpoenaed policies") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" on the document in a manner which will not interfere with the legibility of the document. Documents shall be designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior

designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** All policy documents that SCDC produces in response to the Plaintiff's Rule 45 subpoena will be designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

4. **Depositions.** For the purposes of depositions only, documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be discussed with deponents and entered as sealed exhibits to the deposition without losing their confidential designation. The Plaintiff may not see these policy documents, even during a deposition. Any other party who is present at the deposition may see these documents during the deposition and assist their attorney in the deposition. However, the party may not take notes based on the contents of a document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY", and once the deposition is over, the party may not retain a copy of, or otherwise see, documents bearing this designation unless SCDC consents in writing or the Court enters an order to the contrary.

5. **Protection of Confidential Material.**

   a. **General Protections.** Documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.5(b.)) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

   b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the terms of this Order to any other person or entity except as set

forth in subparagraphs (i)-(iii) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to this Order:

    i. counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit – these individuals will be exempt from signing the acknowledgement described above;

    ii. other persons only upon consent of the producing party;

    iii. upon order of the court and on such conditions as are agreed to or ordered; or

    iv. except with the prior consent of the producing party, or upon further order of the Court, no material designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the provisions set forth herein, and no information contained therein may be disclosed to any persons other than those listed in Section 5(b)(1) – (2).

  c. **Control of Documents.** Counsel for the parties shall take all reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the terms of this Order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

  d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court or to introduce

the material as evidence at trial, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (2) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7. **Treatment on Conclusion of Litigation.**

    a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b. **Return of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order, including copies as defined above shall be returned to the producing party unless: (1) the document has been entered as

evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" under the terms of this Order.

   c. **Documents Filed under Seal.** The Clerk of Court may, at the conclusion of the litigation including conclusion of any appeal, return to counsel for the parties, or destroy, any materials filed under seal. Before destroying any document filed under seal, the Clerk of Court shall advise all parties of their option to accept return or destruction and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

8. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties (including SCDC) shall have been given notice and an opportunity to be heard on the proposed modification.

9. **Protective Order under Rule 26(c).** This Order also serves as a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. Unrestricted discovery and use of the SCDC Restricted Policies sought in the Plaintiff's Rule 45 subpoena will adversely affect SCDC's ability to maintain a safe and secure prison system. This protective order is necessary to protect the safety of the inmates, SCDC personnel, and the general public.

10. Nothing in this order prevents SCDC from redacting information from the policies that is not within the scope of allowable discovery in this case.

11. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients. However, the parties agree to be bound by the terms of this Order upon their signatures below.

IT IS SO ORDERED.

*J. Michelle Childs*

UNITED STATES DISTRICT COURT

Columbia, South Carolina

[CONSENTS ON FOLLOWING PAGE]

We Consent:

_s/Chadwick Devlin_
Chadwick Devlin

Attorney for the Plaintiff

_s/Elloree Ganes_
Elloree Ganes

Attorney for the Defendant


_s/ Christopher R. Antley_
Christopher R. Antley

Attorney for the South Carolina
Department of Corrections

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

C.A. NO. 5:16-CV-1635-JMC-KDW

| | |
|---|---|
| Corey Jawan Robinson #294233, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Officer/Sergeant Mr. Gilliard, )<br>)<br>Defendant. )<br>) | ACKNOWLEDGEMENT OF UNDERSTANDING<br>AND AGREEMENT TO BE BOUND |

The undersigned hereby acknowledges that he or she has read the Confidentiality and Protective Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm, or concern.

The undersigned acknowledges that a violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

NAME: _____

JOB TITLE: _____

EMPLOYER: _____

BUSINESS ADDRESS: _____

_____

_____
SIGNATURE

Date: _____